Robert R. Rogers
Assistant Federal Public Defender
214 W. Lincolnway Ste. 31A
Cheyenne, WY 82001
Phone: 307-772-2781
Fax: 307-772-2788
For Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 07-CR-94-D |
| | **)** |
| **MICHAEL DAVID BELDERRAIN**, | ) |
| | ) |
| Defendant. | ) |

### *MOTION TO DISMISS ALL COUNTS*

Defendant, by and through his undersigned attorney, hereby moves this Court to dismiss all counts in the above-captioned matter, for the reason that a plea agreement has already been reached requiring said dismissal. As grounds, Defendant alleges:

**Factual Background**

As a result of the same set of facts which give rise to the charges in the instant federal case, the Defendant, Michael Belderrain was charged with three criminal counts by the state of Montana. They are: Submitting false outfitting records, in violation of Mont. Code § 45-2-302 (Ex. A); Acting as a guide without a valid license, in violation of Mont. Code § 37-47-301 (Ex.

1

B); and Possession of an unlawfully taken game animal (elk), to wit: elk antlers, in violation of Mont. Code 87-2-111 (Ex. C), the latter occurring on December 14, 2005.  This is the date on which Mr. Belderrain allegedly shot an elk while the elk was standing in Gallatin County, Montana, and then dragged the head (including antlers) of the elk to his truck within Yellowstone National Park (still within Montana), and is the subject matter of the instant federal charges. The antlers of this elk, which is in the custody of Montana authorities, are  There has never been another elk or elk antlers recovered for which there is reason to believe it was illegally taken by Mr. Belderrain.  In short, taking into account all cases, whether charged in Montana or Wyoming, within federal or state jurisdiction, there is only one elk.

As of a result of these charges, as well as a federal investigation, Mr. Belderrain reached a plea agreement with both the state and federal governments (Ex. D and E).  Mr. Belderrain agreed to enter pleas of "No Contest" to the above-mentioned state charges, with an agreed upon penalty, including a suspended sentence and fines (Ex. D).  The United States, acting through the U.S. Fish and Wildlife Service and U.S. Attorney's Office, in consideration of these pleas to state charges, agreed that it would not refer the case to the U.S. Attorney for the District of Montana for prosecution.  (Ex. E).  The plea agreement was executed fully.  (See state judgements, Ex. F,G,H).  The agreement not to refer to for prosecution pertained to any crimes arising out of information then held by the Montana Department of Fish, Wildlife, and Parks at the time of the pleas.  (Ex. E).

Because the elk allegedly taken in this case was standing in the state of Montana, but just outside the boundary of Yellowstone National Park (and therefore in the District of Montana), whereas the Defendant shot or transported the elk while he was within Yellowstone (and

therefore in the District of Wyoming), Mr. Belderrain was potentially subject to prosecution in more than one venue.  He now finds himself charged by the United States in the District of Wyoming based on information known to Montana Department of Fish, Wildlife, and Parks at the time he entered into the above referenced plea agreement. This is in violation of the plea agreement Mr. Belderrain reached with the federal government on March 27, 2006.  (See, Letter from Belderrain's Montana attorney, Ex. I).

**Argument**

ALL CHARGES AGAINST MR. BELDERRAIN MUST BE DISMISSED BECAUSE THE PLEA AGREEMENT WITH THE UNITED STATES MUST BE SPECIFICALLY ENFORCED.

The United States now takes the position that it is not bound by its previous plea agreement because (1) an agency different from the U.S. Attorney for the District of Wyoming made the agreement, or (2) because the agency making the agreement was in a different judicial district.  To the contrary, the United States is one sovereign entity, and it's agreements must be enforced across administrative and bureaucratic boundaries.

Plea agreements made by the United States should be construed against the Government. *See, e.g., United States v. Aleman*, 286 F.3d 86 (2nd Cir. 2002).  "Where the government obtains a guilty plea predicated in any significant degree on a promise or agreement with the prosecuting attorney, such promise must be fulfilled to maintain the integrity of the plea."  *United States v. Hand*, 913 F.2d 854, 856 (10th Cir.1990).   Interpreting the terms of a plea bargain involves a two-step process. The court must first examine the nature of the prosecutor's promise. *United*

*States v. Pogue*, 865 F.2d 226, 227 (10th Cir.1989). Next, the court examines this promise based upon the defendant's reasonable understanding upon entry of the guilty plea. *See*, *United States v. Robertson*, 45 F.3d 1423,1442 (10th Cir. 1995), *cert. denied*, 516 U.S. 844 ; *Cunningham v. Dieslen*, 92 F.3d 1054 (10th Cir. 1996)

In this case, Mr. Belderrain was made a promise by the United States, acting through Special Agent Doug Goessman of the U.S. Fish and Wildlife Service, who in turn was acting on behalf of and with the approval of the United States Attorney for the District of Montana (*See* Government's *Motion to Prohibit the Defendant from Introducing Evidence at Trial of any plea agreements between the Defendant and the State of Montana and with the U.S. Fish and Wildlife Service* at 3 n.1.)  Mr. Belderrain was made a promise by someone clearly authorized to speak for the United States (*see, e.g.* letterhead of Ex. E), and though the written letter containing the promise was signed by a Special Agent, it was made in consultation with an Assistant U.S. Attorney.  Undisputably, Mr. Belderrain had an agreement with a prosecutor of the United States. This agreement is reflected in both the written letter from  United States Special Agent Goessman (Ex. E), as well as in the state plea agreement (Ex. D.)  In any event there should be no distinction between a promise by an explicit agent of the United States and a prosecutor. *United States v. Barrett*, 390 F.Supp. 1022 (D.S.C. 1975).

The nature of the prosecutor's promise cannot be disputed in good faith.  Though the written letter (Ex. E) contains language that the United States will not "refer" the case to the U.S. Attorney's Office for prosecution, obviously this is a promise not to prosecute.  If the letter were interpreted to mean that Special Agent Goessman could discuss the case with the U.S. Attorney's office (which he did) but not "refer" the case to the office, the promise has no meaning

whatsoever. Such a miserly interpretation of the meaning of the letter cannot be made in good faith.

Any ambiguity should be resolved in favor of the Defendant. *See*, *United States v. Aleman*, 286 F.3d 86 (2nd Cir. 2002). The court should examine the promise based on the Mr. Belderrain's reasonable understanding at the time of the plea. *Robertson*, 45 F.3d at 1442. Mr. Belderrain's very reasonable understanding at the time of the plea was that he was not going to be prosecuted federally for being a felon in possession of a firearm, for any federal wildlife violations related to this incident, and for any other federal crimes based on information known to Montana authorities at the time of the plea. Any other interpretation of the agreement with the federal government would make the entire plea agreement pointless.

While the United States now cites authority for the proposition that it's promises (unless coming from mouth of the prosecutor in this case) are unenforceable, the courts recognize that a breach of an agreement which is fundamentally unfair should be enforced. *United States v. Williams*, 780 F.2d 802, 803 (9th Cir. 1986); *United States v. Rodman*, 519 F.2d 1058 (1st Cir. 1975). This is a product of the court's supervisory function. *Id.*; *United States v. Streebing,* 987 F.2d 368, 371 (6th Cir. 1993). If a defendant relies on a government promise to his detriment, the agreement is to be enforced. *Id.* at 372.

Mr. Belderrain entered No Contest pleas in the Gallatin County, Montana Justice Court only upon receiving an assurance from the United States that he would not be prosecuted federally. The United States cannot now ignore its promise by simply prosecuting the same crime in a different district. This agreement must be specifically enforced.

WHEREFORE Defendant prays that all charges against him be dismissed with prejudice.

DATED this 20th day of June, 2007.

Respectfully submitted,

RAYMOND P. MOORE
Federal Public Defender

_____
/s/ Robert R. Rogers
Asst. Federal Public Defender
214 W. Lincolnway Ste. 31A
Cheyenne WY 82001
307-772-2781

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served on the 20th day of June, 2007, upon the following by:

☐ e-mail
☐ hand delivery to USAO court box
☐ fax
☐ mail, postage paid
☒ electronic filing

/s/ *Robert R. Rogers*
Robert R. Rogers