Robert R. Rogers
Asst. Federal Public Defender
214 W. Lincolnway Ste. 31A
Cheyenne WY 82001
307-772-2781
fax: 307-772-2788

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07-CR-66-D |
| | **)** | |
| **MICHAEL DAVID BELDERRAIN**, | ) | |
| | ) | |
| Defendant. | ) | |

**OBJECTION TO WYOMING JURY PANEL,
OR IN THE ALTERNATIVE, MOTION TO DISMISS**

Defendant, Michael David Belderrain, by and through his undersigned attorney, hereby voices his objection to being tried by a jury from or in the state of Wyoming in violation of the Sixth Amendment and Article III Section 2 of the Constitution, as more fully set forth below.

**Factual Background**

Belderrain is charged under a five-count indictment. Count 1 alleges a felon in possession of a firearm; Counts 2 and 3 allege obstruction of justice; Counts 4 and 5 allege Lacy Act violations. All counts relate to the same incident–the alleged shooting and transfer of an elk in the "Buffer Zone" of Gallatin County, Montana, just outside of Yellowstone National Park. A factual record of the Government's evidence has been developed in a previous hearing in this

case, with which the Court is familiar (Hearing on Government's Motion in Limine and Defendant's Motion to Dismiss, June 22, 2007).

The federal District of Wyoming asserts federal jurisdiction because it is believed that Belderrain was standing within Yellowstone Park boundaries when the elk was shot; and further that part of the elk was transported by him within the Park.  Other than the brief possession and firing of a gun, and subsequent brief transfer of the elk head, all alleged events supporting all counts took place outside of Park boundaries, and therefore outside of the federal District of Wyoming.  Under any theory of the case, all events and transactions took place within the state of Montana.  The boundaries of the state of Wyoming were simply never crossed by any defendant or collaborator involved with this case.

## Argument

Article III of the Constitution requires that "[t]he trial of all Crimes . . . shall be by Jury; and such Trial shall be held in the State where the said Crimes shall have been committed." U.S. CONST. art. III, § 2, cl. 3.  The Sixth Amendment likewise requires that the jury must be "of the State and district wherein the crime shall have been committed." U.S. CONST. amend. VI.  The essence of Mr. Belderrain's objection lies in this language.  As the crimes were all alleged to have been committed within the state of Montana, Belderrain has a constitutional right to demand he be tried within the state of Montana, and that the jury who hears his case hails from Montana.  The former meets the venue requirement of Article III; the latter meets the vicinage requirement of the Sixth Amendment.  *See*, Brian C. Kalt, THE PERFECT CRIME, 63 Geo. L.J. 675 (Jan. 2005)[1].  "Vicinage" is the place from which jurors are drawn.  *Id.* at 675.

---

[1] This argument is entirely taken from Mr. Kalt's research, as published by the Georgetown Law Journal, and available on Westlaw.  This essay has been recognized as one of the best "Long Articles" of legal scholarship in 2005.  *See*, THE ENVELOPE PLEASE ..., 9

This issue would only likely arise within the federal District of Wyoming, as it is the only district whose boundaries cross state lines. All of Yellowstone is within the District of Wyoming. 28 U.S.C. § 131. The District of Montana was defined to exclude the part of Montana that was in Yellowstone. *See* 28 U.S.C. § 106.

Though under exclusive federal jurisdiction, those portions of Yellowstone within the Montana state boundary are indeed part of that state. When Montana gave up jurisdiction in Yellowstone at statehood, it did not cede land which is now not part of any state. *See*, Mont. Code Ann. § 2-1-207 (referring to land "in the state of Montana now embraced in the Yellowstone national park;" *see also,* Kalt at 679. Indeed, Congress has recognized that portions of Yellowstone are within the state of Montana. The statute establishing the District of Wyoming defines it as including ". . . those portions of Yellowstone National Park situated in Montana and Idaho." 28 U.S.C. § 131. Accordingly, Mr. Belderrain has a clear Constitutional right to insist on a Montana jury, even if there is venue within Yellowstone National Park.

## Conclusion

While Mr. Belderrain acknowledges that standing on his Constitutional right to Montana vicinage makes it inconvenient to prosecute him, so do his other rights of criminal procedure, including his right to a jury trial. Belderrain therefore objects to a jury trial occurring in Wyoming and drawn from Wyoming jurors. If the only practical solution is for the Court to dismiss the charges, so it must be, because neither the statute creating the District of Wyoming, nor the criminal statutes involved may trump the Constitution.

---

Greenbag 2d 101,102 (Winter 2006). A reading of the article is encouraged, but a copy is not attached out of caution for the potential of copyright violations.

DATED the 2nd day of July, 2007.

Respectfully submitted,

RAYMOND P. MOORE
Federal Public Defender


*/s/ Robert R. Rogers*
Robert R. Rogers
Asst. Federal Public Defender
214 W. Lincolnway Ste. 31A
Cheyenne WY 82001
307-772-2781

## *CERTIFICATE OF SERVICE*

I hereby certify that the foregoing was served on the 2nd day of July, 2007, upon the following by:

☐ e-mail
☐ hand delivery to USAO court box
☐ fax
☐ mail, postage paid
☒ electronic filing


/s/ *Robert R. Rogers*
Robert R. Rogers