# United States District Court
## For The District of Wyoming

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 07-CR-66-D |
| | ) | |
| MICHAEL DAVID BELDERRAIN, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS
## AND DISMISSING DEFENDANT'S OBJECTION
## TO A WYOMING JURY PANEL

The above-entitled matter came before this Court upon Defendant's motion to dismiss all counts.  Defendant moves for dismissal because a plea agreement has already been reached in the matter in the State of Montana.  Furthermore, Defendant objects to a Wyoming jury panel.  The Court has reviewed the material in the file and finds that the motion to dismiss should be denied and Defendant's objection to a Wyoming jury panel should be dismissed.

The incident giving rise to the charges in the instant case occurred in December, 2005, when Defendant allegedly shot an elk while the elk was standing in Gallatin County, Montana.  Thereafter, Defendant allegedly dragged the head of the elk (including the antlers) to his truck situated inside Yellowstone National Park.  Defendant was charged with

three criminal counts by the State of Montana: submitting false outfitting records, acting as a guide without a valid license, and possession of an unlawfully taken game animal.  As a result of Defendant's state prosecution, the U.S. Fish and Wildlife Service (USFWS), in consultation with the District of Montana U.S. Attorney's Office, elected not to prosecute him in the Federal District of Montana.  Defendant argues that the plea agreement reached between himself and the U.S. Fish and Wildlife Service officials in the District of Montana is binding upon the U.S. Attorney for the District of Wyoming, thus the present firearm and wildlife charges must be dismissed.

The authority of a U.S. Attorney's Office to bind the U.S. Attorney's Office of another district through a plea agreement exists "where the crimes at issue in the two districts were the same or related and where the plea agreement prevented the second district from proceeding with the prosecution of those crimes."  *United State v. Crobarger*, 158 Fed.Appx. 100, *5 (10th Cir. 2005) (unpublished opinion) (citing *United States v. Gebbie*, 294 F.3d 540, 550 (3rd Cir. 2002)).  Although similar, the crimes charged in the present Indictment are not the same crimes as those to which the Defendant pled guilty pursuant to the agreement in Montana.[1]  Based on the information known to Montana officials at the

---

[1] On March 22, 2007, an Indictment was filed in the U.S. District Court for the District of Wyoming, citing five counts:

  (1)    Felon in Possession of a Firearm pursuant to 18 U.S.C. §§ 922(g)(1) and 924(a)(2);
  (2)(3) Tampering with a Witness pursuant to 18 U.S.C. § 1512(b)(3),(h) and (i);
  (4)    Unlawful Transportation of Illegally Possessed Wildlife pursuant to 16

time of entering into the plea agreement, there was no reason to believe that the District

of Wyoming had any prosecutorial interests at stake.  Thus, any prosecutorial interest the

District of Wyoming may have in Defendant's activities could not have been resolved by the

plea agreement with Montana officials.

The *Crobarger* court noted the split of circuit authority with respect to whether an

agreement between an Assistant U.S. Attorney of one district and an individual should be

construed as binding on another district where the agreement itself is ambiguous.  In the

instant case, however, the Court finds no ambiguity in the promises made by the USFWS

officials in Montana.  If Defendant pleaded guilty in state court "to the charges arising from

information currently held by the Montana Department of Fish, Wildlife and Parks, the

USFWS/OLE [would] not refer th[e] case to the U.S. Attorney for the District of Montana for

prosecution."   (Defendant's Motion to Dismiss, Exhibit E.)   Nothing in this language

suggests that its scope reaches beyond the District of Montana.  *See United States v.*

*Johnson,* 199 F.3d 1015, 1021 (9th Cir. 1999) (while ambiguities in the plea agreements

must be construed against the government, another district is not bound by an agreement

where the language is clear in binding only a particular district).

Moreover, even if the Montana plea agreement was binding upon the U.S. Attorney

in the District of Wyoming, the Court finds that the agreement has not been breached.  A

---

U.S.C. § 3372(a)(1); and
(5)     Unlawfully Possess Illegally Taken Wildlife pursuant to 16 U.S.C. §
        3372(a)(3)(A).

claim that the government has breached a plea agreement is a question of law.  United *States v. Peterson*, 225 F.3d 1167, 1170 (10th Cir. 2000).  To determine whether the government has breached a plea agreement, the Court must: (1) examine the nature of the government's promise; and (2) evaluate this promise in light of the defendant's reasonable understanding of the promise at the time the guilty plea was entered.  *Id.* at 1170-71.  Guided by principles of contract law, the court will look to the express terms of the agreement and construe any ambiguities against the government as the drafter of the agreement.  *Id.* at 1171.

The letter from an agent with USFWS in Montana , documenting the nature of the agreement between that agency and Defendant, clearly states that "once the state court accepts Mr. Belderrain's plea agreement to the charges arising from information currently held by the Montanan Department of Fish, Wildlife and Parks, the USFWS/OLE will not refer this case to the U.S. Attorney for the District of Montana for prosecution. . . . Also, the USFWS/OLE will investigate and refer for federal prosecution, any new or future information concerning Mr. Belderrain's violation of federal wildlife and/or federal criminal statutes." (Defendant's Motion to Dismiss, Exhibit E.)  The evidence presented to the Court establishes that the present charges against the Defendant are based on information obtained by law enforcement officials *after* Defendant entered into the Montana plea agreement.  Accordingly, Defendant's Motion to Dismiss, on the basis that a plea agreement has already been reached in Montana, is denied.

Lastly, on June 2, 2007, Defendant filed an objection to being tried by a Wyoming jury panel.  Federal jurisdiction was asserted because it is believed that Defendant was standing within the Yellowstone National Park boundaries when the elk was shot and that Defendant then dragged part of the elk into the Park and transported the elk within the boundaries of the Park.  Defendant contends that the boundaries of the state of Wyoming were never crossed.

Defendant cites the U.S. Constitution, Article III, Section 2, which states that "[t]he Trial of all Crimes . . . shall be by Jury; and such Trial shall be held in the State where the said Crimes shall have been committed."  (Defendant's Objection to Wyoming Jury Panel at 2.)  Additionally, Defendant cites the vicinity provision included in the Sixth Amendment requiring that the jury must be "of the State and district wherein the crime shall have been committed."  *Id.*  In turn, Defendant objects to a jury trial occurring in Wyoming and being drawn from Wyoming jurors.  *See* Brian C. Kalt, *The Perfect Crime*, 93 Geo.L.J. 675 (Jan. 2005).[2]

The Court must dismiss the Defendant's objection.  The District of Wyoming is the only district court that includes land in multiple states.  Congress created this anomaly when it placed Yellowstone National Park in the District of Wyoming. The Court recognizes the conundrum that presents itself because the literal interpretation of Article III and the

---

[2] The Court recognizes the Georgetown Law Review article for its interesting esoteric value, however, it is of little practical value to this Court.

Sixth Amendment make it impossible to satisfy both provisions when a crime is committed in the portions of Yellowstone National Park that fall outside of the state of Wyoming. While the term *state* is often used in its more enlarged sense, there is no case law available to clearly designate such cases to the District of Wyoming.

For practical purposes, any cause of action occurring within Yellowstone National Park, whether in Wyoming, Idaho, or Montana, must result in a jury trial in the District of Wyoming, and jurors selected from a pool of Wyoming citizens. To adopt a different position would create a virtual no man's land. Since there is no case law that states otherwise, this Court must dismiss Defendant's objection to a Wyoming jury panel.

NOW, THEREFORE, IT IS HEREBY ORDERED that Defendant's Motion to Dismiss is **DENIED**. It is

FURTHER ORDERED that Defendant's Objection to Wyoming Jury Panel is **DISMISSED**.

DATED this ___8th___ day of August, 2007.

_____
United States District Judge